IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| DESMOND S. LOTT, *et al*, § | |
| Plaintiff, § | |
| v. § | CIVIL NO. 1:09-CV-0235-C |
| § | ECF |
| K. EDENFIELD, § | |
| Warden of FCI Big Spring, *et al*, § | |
| Defendants. § | |

# DEFENDANTS' MOTION TO DISMISS PLAINTIFF SMITH'S COMPLAINT

Defendants, K. Edenfield, Warden of FCI Big Spring, Big Spring, Texas; Harley G. Lappin, Director, United States Bureau of Prisons; Eric H. Holder, Jr., Attorney General of the United States; and the United States of America (hereinafter collectively "Defendants"), by and through the United States Attorney for the Northern District of Texas, respectfully submit their Motion to Dismiss Plaintiff Timothy D. Smith's Complaint pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. In support of their motion, Defendants would show the Court as follows:

## I. PRELIMINARY MATTERS

Plaintiff filed his Civil Complaint (hereinafter "complaint") in this action on July 15, 2010. Therein, he sought relief against Defendants in their official and individual capacities, claiming that alleged overcrowding at the Federal Correctional Institution in Big Spring, Texas (hereinafter "FCI Big Spring") adversely affects virtually

**Defendants' Motion to Dismiss Plaintiff Smith's Complaint - Page 1**

every aspect of his conditions of confinement, including: suitability of his living quarters; fire safety; adequacy of heating, ventilation and air conditioning systems; adequacy of restroom and shower facilities; water quality; food quality and cleanliness of dining implements; adequacy of medical care; sufficiency of furnishings; sufficiency of commissary products and adequacy of access to commissary "shopping"; sufficiency of visitation time and facilities; and adequacy of education and law library programs.

On August 12, 2010, the United States Magistrate Judge to whom this action was previously referred issued an Order to Answer or Otherwise Plead, dismissing as frivolous all claims against Defendants in their official capacities. On September 9, 2010, this Court issued an order consolidating Plaintiff's complaint with virtually identical complaints filed by several other FCI Big Spring inmates. In that order, among other things, the Court dismissed Plaintiff's claims against Defendants in their official capacities as frivolous, but ordered Defendants to file an answer or other responsive pleading to Plaintiff's claims against Defendants in their individual capacities. Defendants have filed their answer to Plaintiff's claims against them in their individual capacities, and now respectfully submit that these claims should be dismissed pursuant to 42 U.S.C. § 1997e(a) as Plaintiff has failed to exhaust his administrative remedies.

## II. ARGUMENT AND AUTHORITIES

A.  **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PURSUANT TO 42 U.S.C. § 1997e(a)**

To proceed with his claims against Defendants in their individual capacities,

Plaintiff must first have exhausted the administrative remedies made available to him by the Bureau of Prisons (BOP).  Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) was revised in 1996 to read:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement extends to *Bivens* suits brought by federal prisoners, *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and exhaustion is mandatory, irrespective of whether the relief sought by an inmate can actually be provided through a prison system's administrative remedy procedures.  *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  Additionally, exhaustion is required, regardless of the nature of the prisoner's constitutional claim.  *Porter*, 534 U.S. at 532 (". . . [W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").  Under the PLRA, exhaustion of administrative remedies is a precondition to suit, regardless of the apparent futility of pursuing administrative remedies, regardless of whether money damages are sought , and regardless of notions of judicial or administrative economy.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth*, 532 U.S. at 739; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.), *cert. denied*, 537 U.S. 949 (2002); *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535-37 (7th Cir. 1999).

**Defendants' Motion to Dismiss Plaintiff Smith's Complaint - Page 3**

The BOP's administrative remedy process contemplates three levels of review should an attempt at informal resolution prove unsuccessful. First, an inmate submits a Request for Administrative Remedy to the Warden of the facility in which he is incarcerated. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the appropriate BOP Regional Director (in this case, the Regional Director for the BOP's South Central Region), by submitting a Regional Administrative Remedy Appeal. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he may appeal to the General Counsel of the BOP by submitting a Central Office Administrative Remedy Appeal. *Id*. Only after the inmate has pursued each level of this process has he exhausted his administrative remedies with the BOP.

Plaintiff is currently incarcerated at the Federal Correctional Complex in Lompoc, California. *See* Appendix to Defendants' Motion to Dismiss Plaintiff Smith's Complaint (hereinafter "Appendix"), pps.1-58. However, he was incarcerated at FCI Big Spring from November 1, 2007 to August 30, 2010. *Id*. A review of BOP administrative remedy records reflects that Plaintiff filed a number of administrative remedy submissions regarding various conditions of confinement he claims to have experienced at FCI Big Spring, but has failed to exhaust his administrative remedies with respect to the issues he raises in the complaint, to wit:

Plaintiff filed a Request for Administrative Remedy, Regional Administrative

Remedy Appeal, and Central Office Administrative Remedy Appeal, in each of which he sought transfer to a facility closer to his family in Oregon and California. *See* Appendix, pps.3, 5-16. Although he exhausted his administrative remedies with respect to the transfer request, a review of his submissions indicates that none of the stated bases on which he sought transfer related to the allegations contained in the complaint.

Plaintiff filed a Request for Administrative Remedy and Regional Administrative Remedy Appeal in which he complained of the temperatures maintained in the inmate housing units at FCI Big Spring. *See* Appendix, pps.3, 17-24. However, he did not file a Central Office Administrative Remedy Appeal with regard to this issue. *Id*. Therefore he failed to exhaust his administrative remedies.

Plaintiff filed a Request for Administrative Remedy, Regional Administrative Remedy Appeal, and Central Office Administrative Remedy Appeal, in each of which he alleged inadequate food portions were served at an inmate meal on August 10, 2008. *See* Appendix, pps.3, 25-34. Although he exhausted his administrative remedies with respect to this issue related to food quantity, a review of his submission reveals no indication that Plaintiff complained of either food quality or cleanliness of dining implements in these submissions, which are the only food-related allegations contained in the complaint. Plaintiff has therefore failed to exhaust his administrative remedies with respect to food-related issues.

Plaintiff filed a Request for Administrative Remedy and Regional Administrative

Remedy Appeal, in each of which he complained that system by which inmates are provided input into decisions regarding the variety of items offered for sale in the commissary was inadequate, and that commissary items are often out of stock and excessively expensive. *See* Appendix, pps.3, 25-43, However, Plaintiff did not submit a Central Office Administrative Remedy Appeal with respect to these issues. *Id*. Therefore he has failed to exhaust his administrative remedies with respect to issues related to the adequacy or availability of commissary services.

Plaintiff filed a Request for Administrative Remedy in which he alleged that the mixing of meat and egg items during a meal on September 20, 2008 caused food portion sizes served to inmates to be inadequate. *See* Appendix, pps.3, 44-48. Plaintiff also alleged staff failed to respond to his informal resolution attempt in a sufficiently prompt fashion. *Id*. He did not file either a Regional Administrative Remedy Appeal or a Central Office Administrative Remedy Appeal. *Id*. Therefore he has failed to exhaust his administrative remedies with respect to these issues.

Finally, Plaintiff filed a Request for Administrative Remedy and a Regional Administrative Remedy Appeal, in each of which he complained that only one inmate-access telephone was available in the inmate housing units during daytime hours. *See* Appendix, pps.3, 49-58. He did not file a Central Office Administrative Remedy Appeal. *Id*. Therefore he has failed to exhaust his administrative remedies with respect to this issue.

**Defendants' Motion to Dismiss Plaintiff Smith's Complaint - Page 6**

In sum, Plaintiff has failed to exhaust his administrative remedies with respect to any issues raised in his complaint. Plaintiff nonetheless appears to suggest that he should be excused from exhausting his administrative remedies because he anticipates that his claims and the similar claims of other FCI Big Spring inmates will be certified as a class action pursuant to Fed. R. Civ. P. 23, thus permitting him to satisfy section 1997e(a)'s exhaustion requirement vicariously through exhaustion of administrative remedies by other members of the class. However, Plaintiff has not sought class certification and the Court has not certified this action as a class action. The principle of "vicarious exhaustion" therefore does not apply. Moreover, the BOP's regulations require inmates to individually submit their own requests and appeals and do not contemplate inmates submitting administrative remedy filings on behalf of other inmates. 28 C.F.R. § 542.10(a). Exhaustion of administrative remedies requires an inmate to use all steps that the agency holds out, and to do so properly. *Woodford*, 548 U.S. at 90 (citing *Pozo*, 286 F.3d at 1024). Plaintiff has failed to meet this requirement.

WHEREFORE, premises considered, Defendants respectfully request that Plaintiff's claims be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

    Respectfully submitted,

    JAMES T. JACKS
    UNITED STATES ATTORNEY

    /s/ E. SCOTT FROST
    E. SCOTT FROST

Assistant United States Attorney
Texas State Bar No. 07488080
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Tel:    806.472.7566
Fax:    806.472.7324
Email: scott.frost@usdoj.gov

OF COUNSEL:
Darrin Scott
Senior Litigation Counsel
Federal Bureau of Prisons
4211 Cedar Springs Road
Dallas, Texas 75219

## CERTIFICATE OF SERVICE

I hereby certify that on the  2nd  day of  November  2010, I electronically filed the foregoing document with the clerk of the court for the United States District Court for the Northern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

Andrew Christian Cookingham
Michael W. Stockham
Timothy L. Evans
Thompson & Knight LLP
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, TX 75201

                                                          */s/ E. SCOTT FROST*
                                                          E. SCOTT FROST
                                                          Assistant United States Attorney

**Defendants' Motion to Dismiss Plaintiff Smith's Complaint - Page 8**